# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT DINKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2296 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Robert Dinkins' amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government opposes the motion and movant has filed a reply and a supplemental reply. This matter is fully briefed and ready for decision. For the following reasons, movant's motion will be denied.

### *I. Procedural Background*

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). United States v. Dinkins, Case No. 4:15-CR-314-CEJ-1 (E.D. Mo.). Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger. On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. United States v. Dinkins, 688 F. App'x 408 (8th Cir. 2017).

Movant filed a motion to vacate his sentence on August 22, 2017. After reviewing the file, the Court determined that the motion did not comply with Rule 2(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts because movant failed to specify grounds for relief and facts supporting each ground. The Court issued an Order on August 30, 2017, providing movant with the opportunity to submit an amended motion to vacate. (Doc. 6.) Movant filed the instant amended motion to vacate on September 13, 2017. (Doc. 10.)

On September 21, 2017, the United States filed its response to movant's amended motion to vacate. (Doc. 13.) On October 5, 2017, movant filed a reply memorandum to the United States' response, which was incorrectly titled and docketed as "Motion of Grant Judgement [sic] on the Grounds Set Forth in Motive [sic] 2255 to Vacate for Relief." (Doc. 14.)

On April 12, 2018, after another review of the file, the Court found that the United States failed to address one of movant's grounds for relief and directed the United States to file a supplement to its response. (Doc. 16.) On April 18, 2018, the United States filed its supplemental response to movant's amended motion to vacate. (Doc. 18.) On April 23, 2018, movant filed a reply memorandum to the United States' supplemental response. (Doc. 19.) On May 7, 2018, without leave of Court, movant filed a supplemental response memorandum to the United States' initial response. (Doc. 22.)

In movant's amended motion to vacate presently before the Court, movant asserts the following grounds for relief:

> Ground One: The District Court improperly rejected movant's justification defense in violation of the 14th Amendment right to equal protection and the 5th Amendment right to due process.
>
> Ground Two: Movant's trial counsel was ineffective because his attorney failed to present a defense that the Second Amendment permitted him to possess a firearm and

failed to present a Fourth Amendment defense that the police officers did not have probable cause to arrest movant for possessing a firearm, although movant asked her to raise both defenses.

Ground Three: The District Court improperly sentenced movant "without jurisdiction" and "without representation" because counsel failed to file an entry of appearance in the case.

Ground Four: The District Court improperly rejected movant's justification defense in violation of the Second Amendment right to bear arms and the Fifth Amendment right to due process.

## *II. Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

*III. Discussion*

**A. Grounds One and Four: Justification Defense**

In both Grounds One and Four,[1] movant claims that the District Court incorrectly found him guilty of being a felon in possession of a firearm due to a defense of justification. Movant raised this identical argument to the Eighth Circuit Court of Appeals. Because movant raised this ground on appeal, he is precluded from asserting it now in his § 2255 motion. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Thompson v. United States, 872 F.3d 560, 565 (8th Cir. 2017) (quoting Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012) (quoting Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003)); see also Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (citing cases). The Court is precluded from reviewing Grounds One and Four and they will be dismissed.

**B. Ground Two: Ineffective Assistance of Counsel for Failure to Raise Second and Fourth Amendment Defenses**

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one

---

[1] Although movant has labeled Ground Four as a deprivation of his Second and Fifth Amendment protections, the substance of Ground Four is about his allegation that he was justified in possessing a firearm for security of his business, himself, and his community. United States v. Davis, 406 F.3d 505, 511 (8th Cir. 2005) (declining to review "the same claim in different clothes").

prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Statements that are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. Apfel, 97 F.3d at 1077.

**1. Second Amendment Defense**

Movant argues that his trial counsel was ineffective because his attorney failed to present a defense that the Second Amendment permitted him to possess a firearm, although movant asked her to raise the defense. This argument is without merit.

The Eighth Circuit has repeatedly held that Congress did not violate the Second Amendment when enacting 18 U.S.C. § 922(g), which prohibits felons from possessing a firearm. See United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011); United States v. Roach, 470 F. App'x 537, 537 (8th Cir. 2012). The Second Amendment right to keep and bear arms is not a viable defense to a charge alleging a violation of 18 U.S.C. § 922 because the government has the authority to place

prohibitions on the possession of firearms by felons. See District of Columbia v. Heller, 554 U.S. 570, 626-27 (2008).

If movant's counsel had raised a Second Amendment defense, it would have been dismissed as frivolous. An attorney is not ineffective for failing to raise meritless claims. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam); cf. United States v. Rodriguez, 612 F.3d 1049, 1055 (8th Cir. 2010) (criminal defendant does not have a right to an attorney who will "docilely do as she is told" or advance meritless legal theories). Movant cannot meet either prong of the Strickland test, as he cannot show that counsel's performance was deficient for failing to raise a non-meritorious defense, or that he was prejudiced by his counsel's failure to raise such a defense. Accordingly, the Second Amendment defense argument in Ground Two of movant's amended motion to vacate will be dismissed.

**2. Fourth Amendment Defense**

Movant additionally argues that his trial counsel was ineffective because his attorney failed to present a Fourth Amendment defense that the police officers did not have probable cause to arrest movant for possessing a firearm, although movant asked her to raise the defense. This argument is also without merit.

The record reflects that subsequent to movant's indictment, he filed a motion to suppress evidence, alleging that the police officers lacked probable cause for his arrest. A hearing was held on the motion and the Magistrate Judge issued an Order and Recommendation finding that movant was lawfully arrested. On November 30, 2015, the District Judge adopted the Order and Recommendation and the matter proceeded to a bench trial. Movant did not raise the issue of probable cause in his direct appeal.

As a threshold matter, the failure to raise the probable cause issue on direct appeal acts to bar movant from raising the issue for the first time in his § 2255 motion. See Frady, 456 U.S. at 167-68. To overcome the procedural default, movant must show both (1) cause that excuses the default, and (2) actual prejudice from the errors that are asserted, or that he is actually innocent. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)). "To establish actual innocence, [movant] must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).

Movant does not claim actual innocence because movant admits to possessing the firearm. He instead seems to argue that his pretrial probable cause claim was abandoned by counsel and not raised on direct appeal due to the ineffective assistance of counsel. Movant therefore has alleged cause, and the Court examines whether he can establish prejudice. As stated above, to establish ineffective assistance of counsel in the context of § 2255, a movant faces a heavy burden. Apfel, 97 F.3d at 1076. Movant must prove (1) deficient performance – that his counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances; and (2) prejudice – a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. (quoted case omitted).

Where a movant argues that his conviction should be set aside for ineffective assistance of counsel for failure to object to an adverse recommendation on a motion to suppress evidence, the movant must establish that he was prejudiced by the failure. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (movant must establish prejudice where counsel failed to file a motion to

suppress evidence). Where a movant would have lost on an objection to an adverse recommendation on a motion to suppress had it been made, he was not prejudiced by the failure to file. See Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994) (movant is not prejudiced by counsel's failure to file a motion to suppress if it would have been denied). A complete failure to file a motion to suppress is not per se ineffective assistance of counsel that dispenses with the need to demonstrate actual prejudice. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986); Fulton v. Purkett, 2008 WL 5191470, at *5 (E.D. Mo. Dec. 11, 2008). As a result, it necessarily follows that failure to object to an Order and Recommendation is not ineffective assistance of counsel per se. Thus, movant must prove both prongs of the Strickland test, i.e., defective performance and prejudice.

To determine if the attorney's failure to object to the Order and Recommendation was deficient performance and, if it was, whether movant was prejudiced as a result, the Court has thoroughly reviewed movant's motion to suppress and the Order and Recommendation of United States Magistrate Judge from the underlying criminal matter. This Court finds that the Magistrate Judge correctly concluded, based on the evidence in the record, that the police officers had probable cause to stop movant after they personally saw him violate a traffic stop sign. The Court further finds that the Magistrate Judge correctly concluded, based on the evidence in the record, that the police officers legally arrested movant after he failed to stop at their emergency lights and sirens and after the firearm fell from his person once he was appropriately stopped.

Based on the foregoing, the Court finds and concludes that the performance of movant's counsel was not deficient and did not prejudice movant, because any objection to the District Judge's adoption of the Order and Recommendation would have been unsuccessful. See Thomas, 951 F.2d at 904 (counsel is not ineffective for failing to raise meritless claims.). The Court finds that movant

has not made the requisite showing of actual prejudice entitling him to relief. Accordingly, the Fourth Amendment argument in Ground Two of movant's motion to vacate is without merit and denied as procedurally barred.

**C. Ground Three: Federal Jurisdiction and Counsel's Entry of Appearance**

In Ground Three, movant claims the District Court "illegally convicted and sentenced [him] without jurisdiction and without legal representation." As to the first allegation, movant has not cited to any controlling legal authority and there is nothing in the record to indicate that this Court did not have proper jurisdiction over movant's criminal case. To the contrary, federal district courts have original jurisdiction over all criminal actions arising under the laws of the United States. See 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against laws of United States); United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (subject-matter jurisdiction in every federal criminal prosecution comes from § 3231). Movant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922, a federal statute, which is under the jurisdictional purview of this Court.

Movant's second allegation under Ground Three claims the District Court improperly sentenced him without representation because counsel failed to file an entry of appearance in the case. This allegation is unsupported by the record. Assistant Federal Public Defender Lucille Gardner Liggett entered her appearance for movant on July 27, 2015 and remained movant's counsel of record throughout the District Court bench trial and direct appeal to the Eighth Circuit Court of Appeals. On June 14, 2017, the Court granted Ms. Liggett's motion to withdraw as appointed counsel for movant based on her professional assessment that there would be no reasonable likelihood of success for a filing of a petition for writ of certiorari.

Construing movant's pro se pleadings liberally, the Court finds that movant may have intended to argue it was ineffective assistance of counsel not to file a petition for a writ of certiorari with the U.S. Supreme Court to challenge the Eighth Circuit Court of Appeals' decision. However, this assertion does not entitle movant to relief.

"The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings." Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) (citing Ross v. Moffitt, 417 U.S. 600, 610-11 (1974); Scott v. United States, 473 F.3d 1262, 1264 (8th Cir. 2007)). "Due process guarantees a criminal defendant a constitutional right to counsel for [his] first appeal, Douglas v. California, 372 U.S. 353, 357-58 (1963), and that right encompasses the right to effective assistance of counsel, Evitts v. Lucey, 469 U.S. 387, 396-400 (1985)." Steele, 518 F.3d at 988 (parallel citations omitted).

Due process does not, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. Id. (citing Ross, 417 U.S. at 617-18; Pennsylvania v. Finley, 481 U.S. 551 (1997) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.")); see also 28 U.S.C. § 1254 (writ of certiorari is discretionary). Because the right to effective assistance of counsel is derived solely from the right to appellate counsel guaranteed by the right to due process, Wainwright v. Torna, 455 U.S. 586, 587-88 (1982), a litigant such as a movant without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." Id.; see also Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel, movant's

§ 2255 claim, if any, for ineffective assistance for failure to file a petition for certiorari cannot succeed. See Steele, 518 F.3d at 988.

Further, even if movant had the right to counsel to file a certiorari petition, he would have to show that he suffered prejudice from his attorney's failure to file a petition in order to establish a claim for ineffective assistance of counsel. Id. (citing Strickland, 466 U.S. at 691). Movant would have to show not only that he would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that he would have obtained relief on the issue of a new trial. See id. at 989. Movant has not shown either requisite. Accordingly, Ground Three of movant's motion to vacate will be dismissed.

### *IV. Conclusion*

For the foregoing reasons, the Court concludes that all of the grounds asserted in movant's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are without merit and/or are procedurally barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's original motion to vacate, set aside or correct sentence is **DENIED as moot**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall correct the docket entry for Document 14, currently docketed as a "Motion of Grant Judgment" to a "Reply to Document 13 Government's Response."

**IT IS FURTHER ORDERED** that movant Robert Dinkins' amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of July, 2018.